# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WISCONSIN

In re: SEAN T. HOSKINS,  Case No. 23-20506-KMP
Debtor.  Chapter 13

## NOTICE AND REQUEST TO AMEND UNCONFIRMED CHAPTER 13 PLAN

Debtor filed papers with the Court requesting amendment of the unconfirmed Chapter 13 Plan in the above case.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to confirm the amended plan as proposed, or if you want the Court to consider your views on the request, then on or before **21 days** after service of this notice, you or your attorney must:

File with the Court a written request for hearing that contains a short and plain statement of the factual and legal basis for the objection. File your written request electronically or mail it to:

Clerk of Bankruptcy Court
517 E. Wisconsin Avenue
Room 126
Milwaukee, WI 53202-4581

If you mail your request to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the expiration of **21 days**.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the request and enter an order confirming the amended Chapter 13 plan.

Drafted by: D. Alexander Martin
Lombardo Law Office
2230 S. 108th Street
Milwaukee, WI 53227
Tel: 414-543-3328
Fax: 414-543-0786
alex@lombardolawoffice.com

# REQUEST TO AMEND UNCONFIRMED CHAPTER 13 PLAN

1. This request to amend an unconfirmed Chapter 13 Plan **SUPERSEDES ALL PRIOR REQUESTS TO AMEND THE PLAN AND INCLUDES ALL PROPOSED AMENDMENTS. TERMS NOT FULLY STATED HERE OR IN THE ORIGINAL PLAN ARE NOT PART OF THE PLAN.**

2. <u>Service</u>: A certificate of service must be filed with the amendment.
   Designate one of the following:

   __X__ A copy of this proposed amendment has been served on the Trustee, United States Trustee and all creditors, or
   ____ A motion requesting limited service is being filed simultaneously with the Court.

3. The Chapter 13 Plan filed with the Court is amended as follows:

   Debtors will pay the sum of **$940.00 monthly** for the remainder of the plan to the Trustee by [X] Weekly Payroll Deduction(s) or by [] Direct Payment(s) for the period of **60 months**. The duration of the plan may be less if all allowed claims in every class, other than long-term claims, are paid in full.

   **B.   First payment is due under the plan and the applicable commitment period begins:**

   *Debtor must check either (1) or (2) (do not check both) and then must check one (and only one) provision in the chosen section:*

   ☒ **(1) The debtor paid the filing fee when filing the petition,** the first payment is due under the plan (choose one):

   ☐ Thirty (30) days after the date of filing the petition

   ☒ Thirty (30) days after the entry of an order confirming the plan.

   ☐ On the following date:

**3.3   Secured claims excluded from 11 U.S.C. § 506 and payment of fully secured claims**

☐ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☒ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor, or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value, or

(3) otherwise fully secured under 11 U.S.C. § 506(a), or

(4) allowed secured claims held by governmental units.

The plan directs the trustee to pay these allowed claims in full, with interest at the rate stated below, except that tax claims of governmental units will receive interest as required by 11 U.S.C. § 511.

*Interest rate column*. Tax claims of governmental units: the debtor must state the rate required by 11 U.S.C. § 511 in the *Interest rate column* below to permit parties to calculate feasibility. All other claims: if the plan does not state a rate in the *Interest rate column*, the proof of claim controls the rate of interest; if no interest rate is listed in the plan or proof of claim, the plan pays the claim without interest.

These payments will be disbursed by the trustee.

The trustee will disburse amounts listed under the *Monthly payment to creditor* column in equal monthly payments.

The allowed claim amount stated on a proof of claim controls over any contrary amount listed below.

The holder of any allowed secured claim having a value greater than $0, as listed below in the *Amount of secured claim* column, will retain the lien on the property interest of the debtor or the estate until the earlier of:

(a) payment of the underlying debt determined under non-bankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien on the debtor's and the estate's interest in the property that secures the claim (*Collateral*) is terminated and deemed released by the creditor.

| Name of Creditor | Collateral | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total payments by trustee |
|---|---|---|---|---|---|
| **Internal Revenue Service** | **Personal Property** | **$1,747.00** | **7.00%** | **Pro-rata** | **$2,075.65** |

**4.4 Priority claims other than allowed administrative expenses and domestic support obligations as treated in § 4.5.** The priority debt amounts listed on a filed proof of claim control over any contrary amounts listed in this section.

☐ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☒ The debtor(s) estimate the total amount of other priority claims to be **$642.12** as detailed below.

| Name of Creditor | Estimated amount of priority unsecured claim |
|---|---|
| Internal Revenue Service | $30,936.66 |
| Department of Revenue | $15,284.92 |

*Insert additional claims as needed.*

**4.5 Domestic support obligations.** The priority debt amounts listed on a filed proof of claim control over any contrary amounts listed in this section.

*Check one or more.*

☐ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

☒ The allowed priority claims listed below are based on a domestic support obligation that is not owed or assigned to a governmental unit as provided by 11 U.S.C. § 507(a)(1)(A) and will be paid the full amount of the claim under 11 U.S.C. § 1322(a)(2)

| Name of Creditor | Estimated amount of priority unsecured claim |
|---|---|
| **WI SCTF and Carla Holloway** | **$486.01** |

*Insert additional claims as needed.*

☐ The allowed priority claims listed below are based on a domestic support obligation that is owed or assigned to a governmental unit as provided by 11 U.S.C. § 507(a)(1)(B) and will be paid the full amount of the claim under 11 U.S.C. § 1322(a)(2).

| Name of Creditor | Estimated amount of priority unsecured claim |
|---|---|
| -NONE- | |

*Insert additional claims as needed.*

☒ The allowed priority claims listed below are based on a domestic support obligation that is owed or assigned to a governmental unit as provided by 11 U.S.C. § 507(a)(1)(B) and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). If the *Available funds to creditors in Parts 3 and 4* box is selected, then there should be no distribution to nonpriority unsecured creditors in Part 5 until or unless the § 507(a)(1)(B) claim is paid in full. *This plan provision requires that payments in § 2.1 be for a term of 60 months;* see 11 U.S.C. § 1322(a)(4).

| Name of Creditor | Amount of claim to be paid |
|---|---|
| | ☐ Available funds after creditors in Parts 3 and 4 are paid |
| | ☒ $ **0.00** |
| **WI SCTF regarding Carla Holloway (Claim No. 2-1)** | ☐ Percent of claim __ % |

*Insert additional claims as needed.*

All remaining terms of the original Chapter 13 Plan are unaffected. In the event of a conflict between the terms of the original Plan and the terms of this amendment, the terms of this amendment control.

WHEREFORE, each Debtor requests that the Court approve this proposed amendment to the original Chapter 13 Plan.

**CERTIFICATION**

The Debtor's attorney must sign this certification. A Debtor represented by an attorney may sign this certification. If the Debtor does not have an attorney, the Debtor must sign this certification.

**The provisions in this Chapter 13 plan are identical to those contained in the official local form other than the changes listed in part 3.**

I certify under penalty of perjury that the foregoing is true and correct.

Respectfully submitted May 9, 2023.

LOMBARDO LAW OFFICE
Attorneys for Debtor

/s/ D. Alexander Martin
By: _____
*Attorney D. Alexander Martin*
Lombardo Law Office
2230 S. 108th Street
Milwaukee, WI 53227
Tel: (414) 543-3328
Fax: (414) 543-0786
alex@lombardolawoffice.com

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WISCONSIN

In re: SEAN T. HOSKINS,  Case No. 23-20506-KMP
Debtor.  Chapter 13

## CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of this Certificate of Service and a copy of the attached Notice and Request to Amend Unconfirmed Chapter 13 Plan were mailed First Class to the persons and entities listed below, at their respective addresses, postage prepaid, by depositing them in the U.S. Mail on this May 9, 2023:

Sean T. Hoskins
4131 N. 68th St.
Milwaukee, WI 53218

**SEE ATTACHED MAILING MATRIX**

      Copies have not been mailed to addresses which the Court designated as having been superseded by a preferred address on file, or which the Court designated as undeliverable or duplicate addresses, as indicated in the mailing matrix.

      Copies have not been mailed to Lombardo Law Office, attorneys for the Debtor, or to the following parties, to whom service was made by ECF Notice of Electronic Filing:

Scott Lieske, Chapter 13 Trustee
Office of the United States Trustee

      Dated this May 9, 2023.

      LOMBARDO LAW OFFICE

      /s/ Mary Schmitz
By: _____
    *Mary Schmitz*